**13-5776**

IN THE

# United States Court of Appeals

## FOR THE SIXTH CIRCUIT

◆◆

CHRISTOPHER R. BURNETTE; MYSTIC BURNETTE,

*Plaintiffs-Appellants,*

—and—

CASEY WILLIAM HYLAND; GRAHAM PULLEN,

*Plaintiffs,*

—v.—

HOMESERVICES OF AMERICA, INC., HOMESERVICES OF KENTUCKY, INC.,
SEMONIN REALTORS, RECTOR-HAYDEN REALTORS, and
COLDWELL BANKER MCMAHAN COMPANY,

*Defendants-Appellees,*

—and—

(*caption continued on inside cover*)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY AT LOUISVILLE

## BRIEF FOR PLAINTIFFS-APPELLANTS

CHRISTOPHER LOVELL
LOVELL STEWART HALEBIAN
  JACOBSON LLP
61 Broadway, Suite 501
New York, New York 10006
(212) 608-1900
clovell@lshllp.com

*Attorneys for Plaintiffs-Appellants*

**Oral Argument Requested**

RE/MAX INTERNATIONAL, INC.; REALOGY CORPORATION, CENTURY 21 REAL ESTATE LLC, f/k/a CENTURY 21 REAL ESTATE CORPORATION, COLDWELL BANKER REAL ESTATE CORPORATION, AVIS BUDGET GROUP, f/k/a CENDENT CORPORATION, RE/MAX KENTUCKY-TENNESSEE, INC., SUZY WATKINS, REALTORS 2000, INC., d/b/a RE/MAX ALLIANCE, DAVIS BISCHOF REALTY, LLC, d/b/a RE/MAX CONNECTIONS, PROPERTIES EAST, INC., d/b/a RE/MAX PROPERTIES EAST, NRT, INC., AND ALLIANCE REAL ESTATE SERVICES, LLC, d/b/a RE/MAX ALLIANCE,

*Defendants.*

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Plaintiffs-Appellants Christopher R. Burnett and Mystic Burnett make the following disclosure, on information and belief:

Defendant-Appellee HomeServices of America, Inc. is the parent company of Defendant-Appellee HomeServices of Kentucky, Inc. d/b/a Semonin Realtors and Rector-Hayden Realtors.

MidAmerican Energy Holdings Company is the parent company of HomeServices of America, Inc.  MidAmerican Energy Holdings Company has public debt.

Berkshire Hathaway, Inc. is the parent company of MidAmerican Energy Holdings Company and is a publicly traded company.

Defendant-Appellee Coldwell Banker McMahan is an assumed name of McMahan Company, Inc., which has no publicly traded parent.

LOVELL STEWART HALEBIAN JACOBSON LLP

By:  */s/ Christopher Lovell*
Christopher Lovell
61 Broadway, Suite 501
New York, New York  10006
Telephone:  (212) 608-1900
Facsimile:  (212) 719-4677

# TABLE OF CONTENTS

DISCLOSURE OF CORPORATE AFFILIATIONS
AND FINANCIAL INTEREST  ...........................................................i

TABLE OF CONTENTS......................................................................ii

TABLE OF AUTHORITIES ................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...........................vii

JURISDICTIONAL STATEMENT .......................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ..................1

STATEMENT OF THE CASE...............................................................2

STATEMENT OF FACTS .....................................................................4

STANDARD OF REVIEW ....................................................................5

SUMMARY OF ARGUMENT ..............................................................6

ARGUMENT ..........................................................................................6

    A. The Costs Order Relied On Clearly Erroneous
       Findings Of Fact And Misapplied The Law in
       Holding That Judicial Economy Would Be Served
       By Awarding Costs Prior To Resolution Of The
       Appeal On The Merits. ............................................................7

    B. The Costs Order Misapplied the Law by Failing
       To Consider Its Discretion Not To Award Costs, As
       Well As "All the Circumstances in the Case,"
       Including Its "Close and Difficult" Nature..............................10

C. Especially In View Of The Likelihood Of a Remand
    For Entry Of Final Judgment, The Costs Order
    Misapplied The Law In Taxing Costs Prior To Entry
    Of A "Judgment" Which Includes Properly Allowed
    Costs...................................................................................... 13

CONCLUSION .................................................................. 15

CERTIFICATE OF COMPLIANCE...................................... 17

CERTIFICATE OF SERVICE ............................................. 18

DESIGNATION OF RELEVANT DISTRICT COURT
DOCUMENTS...................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*American Infra-Red Radiant Co. v. Lambert Industries*,
  41 F.R.D. 161 (D.Minn. 1966) ..............................................................8

*Baji v. Northeast Regional Bd. Of Dental Examiners, Inc*.,
  3 Fed. App'x 352, 2001 WL 111646 (6th Cir. Jan. 31, 2001) .............. 6, 7, 11, 16

*Benders, Inc. v. Walker*,
  1999 U.S.Dist. LEXIS 22508 (W.D.Ky. 1999)....................................10

*Brown v. American Enka Corp*.,
  452 F.Supp. 154 (E.D.Tenn. 1976) ................................................ 7, 14

*Brown v. Crowley*, 229 F.3d 1150 (table decision),
  2000 WL 1175615 (6th Cir. 2000) ....................................................15

*Burley v. Gagacki*, ___ F.3d ___,
  20134 WL 4767178 (6th Cir. Sept. 6, 2013).........................................8

*Crawford Fitting Co. v. J.T. Gibbons, Inc.,*
  482 U.S. 437 (1987) ..........................................................................9

*Daubert v. Merrell Dow Pharms. Inc.*,
  509 U.S. 579 (1993) ........................................................................12

*Estate of Pidcock v. Sunnyland Am., Inc*.,
  726 F.Supp. 1322 (S.D.Ga. 1989) ....................................................10

*Farmer v. Arabian American Oil Co.,*
  379 U.S. 227 (1964) ..........................................................................9

*Fleischer v. A.A.P., Inc.,*
  36 F.R.D. 31 (S.D.N.Y. 1964)............................................................7

*Furman v. Cirrito*,
  782 F.2d 353 (2d Cir. 1986) ........................................................ 8, 15

*How v. City of Baxter Springs*, Kansas,
   No. 04-2256 (JWL), No. 04-2257 (JWL),
   2006 WL 1128667 (D.Kan. Apr. 26, 2006) .........................................................9

*In re Eastern Erectors, Inc.*,
   396 F.Supp. 797 (E.D.Pa. 1975)..........................................................................10

*In re Smith*,
   876 F.2d 524 (6th Cir. 1989) .................................................................................8

*Interactive Picture v. Infinite Pictures, Inc.*,
   No. 3:96-CV-849, 2002 WL 32059348 (E.D.Tenn. Jan. 3, 2002)......................15

*Kiska Construction Corp. – USA v. Washington Metropolitan Area Transit
   Authority*, No. 97-2677, 2002 WL 393082 (D.D.C. Mar. 11, 2002) ..................10

*Lichter Foundation, Inc. v. Welch*, 269 F.2d 142 (6th Cir. 1959) .............................6

*Mishawaka Rubber Woolen Mfg. Co. v. S.S. Kresge Co.*,
   119 F.2d 316 (6th Cir. 1941) ...............................................................................14

*Mishawaka Rubber Woolen Mfg. Co. v. S.S. Kresge Co.*,
   316 U.S. 203 (1942) .............................................................................................14

*Smith v. Berry*, No. 03-5167,
   2004 WL 725377 (D.C.Cir. Apr. 2, 2004) ...........................................................15

*United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*,
   190 F.3d 963 (9th Cir. 1999) ...............................................................................15

*Warthman v. Genoa Township Bd. of Trustees*,
   549 F.3d 1055 (6th Cir. 2008) ...............................................................................5

*White & White, Inc. v. American Hospital Supply Corp.*,
   786 F.2d 728 (6th Cir. 1986) ......................................................................... *passim*

**Other Authorities**

21A Federal Procedure, Lawyers Edition. § 51:107, "Final Judgment as
  prerequisite" (2013)...............................................................................14

## STATEMENT REGARDING ORAL ARGUMENT

Appellants Christopher R. Burnette and Mystic Burnette ("Plaintiffs") have filed the instant appeal as related to their pending appeal, No. 12-5947, of the District Court's Order granting summary judgment to Defendants-Appellees and dismissing with prejudice Plaintiffs' Sherman Act complaint (the "Merits Appeal"). In their principal brief, filed under seal in the Merits Appeal on January 8, 2013, Plaintiffs have requested oral argument because of the numerous novel, complex and important issues of antitrust law involved therein. Christopher and Mystic Burnette similarly believe oral argument would assist the Court in deciding the issues raised herein, and respectfully request oral argument of this appeal.

## JURISDICTIONAL STATEMENT

The United States District Court for the Western District of Kentucky had jurisdiction.  28 U.S.C. §§ 1331, 1337(a).  The District Court's Memorandum Opinion and Order overruling Plaintiffs' objections and granting Defendants'-Appellees' respective Bills of Costs was entered on the docket on May 7, 2013.  Record Entry ("R.E.") 761.  Notice of Appeal was timely filed on June 6, 2013.  Fed.R.App.P. 4(a)(1)(A); R.E. 763.  Appellate jurisdiction is proper. 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.     Whether the District Court abused its discretion in declining to defer taxation of costs until the resolution of the Merits Appeal, No. 12-5947?

2.     Whether the District Court abused its discretion in granting the Bill of Costs submitted by Defendant McMahan Company, Inc. d/b/a Coldwell Banker McMahan ("CB McMahan")?

3.     Whether the District Court abused its discretion in granting the Bill of Costs submitted by Defendants HomeServices of America, Inc. and HomeServices of Kentucky, Inc. d/b/a Semonin Realtors and Rector-Hayden Realtors (the "HomeServices Defendants")?

## STATEMENT OF THE CASE

Plaintiffs Christopher Burnette and Mystic Burnette are sellers of residential real estate in the Commonwealth of Kentucky.  They filed this action against the HomeServices Defendants, CB McMahan and others asserting that between 2001 and 2005 Defendants agreed and conspired not to compete on the basis of price in setting real estate brokerage commissions in Kentucky.  These Plaintiffs represent a certified class of "All persons who paid a commission to Defendants and/or their affiliates . . . in connection with the sale of residential real estate (excluding initial sales of newly constructed homes) located in the Commonwealth of Kentucky during the period from October 11, 2001 to October 11, 2005."  R.E. 322.

By "Orders and Final Judgments" dated May 3, 2012, the District Court granted final approval to settlements reached by Plaintiffs with all Defendants remaining in the case except for the HomeServices Defendants and CB McMahan. R.E. 644, 645, 646, 647.

After the close of pre-trial discovery, each of the HomeServices Defendants and CB McMahan moved for summary judgment, and on July 18, 2012, the District Court filed its Memorandum Opinion granting those motions of the HomeServices Defendants and CB McMahan for summary judgment. R.E. 743. Also on July 18, 2012, the District Court entered an Order granting the above-described motions for summary judgment, and noting that the Order was "final and

appealable." R.E. 744.  Plaintiffs timely noticed an appeal from the summary

judgment order, R.E. 750, and that related appeal has been fully submitted as No.

12-5947 (the "Merits Appeal").

After Plaintiffs noticed the Merits Appeal, CB McMahan and the

HomeServices Defendants filed their respective Bills of Costs, claiming taxable

costs totaling $19,516.38 and $87,305.57, respectively.  R.E. 751 at PageID#

21966; R.E. 752 at PageID# 22024.  Plaintiffs filed a response in which they

alternatively asserted that the respective bills of costs should be denied in whole or

in part, deferred until the resolution of the appeals process, and/or denied as to

certain specific categories of costs.  R.E. 753 at PageID# 22140-22148.  CB

McMahan and the HomeServices Defendants replied to Plaintiffs' responses.  R.E.

754, 755.  By its Memorandum Opinion and Order filed May 7, 2013 (the "Costs

Order"), the District Court overruled Plaintiffs' objections and granted the Bills of

Costs in full.  R.E. 761.  Plaintiffs timely noticed the instant appeal of the Costs

Order on June 6, 2013.  R.E. 763.

Plaintiffs have discussed with Defendants-Appellees means of providing

appropriate security for the awarded costs, and yesterday received a proposed

agreement from Defendants-Appellees to effectuate security.  Plaintiffs have

advised Defendants-Appellees that they are reviewing the proposed agreement and

expect to have security in place within a few days of their perfecting this appeal.

3

Plaintiffs are appealing the Costs Order only to the extent that it (a) declined to defer ruling on the Bills of Cost until the Merits Appeal had been concluded, and (b) declined to deny the Bills of Cost in full.

## STATEMENT OF FACTS

Plaintiffs respectfully incorporate herein and refer the Court to their briefing on the Merits Appeal for a full statement of the pertinent facts as developed in discovery.

Plaintiffs brought this action shortly after the United States Department of Justice ("DOJ") settled its civil claim under Section 1 of the Sherman Act, 15 U.S.C. § 1, against the Kentucky Real Estate Commission ("KREC"). The DOJ action challenged the KREC's "Rebate Ban," which prevented Kentucky real estate brokers from competing with each other by offering cash rebates or other inducements. The DOJ alleged that the Rebate Ban was the result of agreements, combinations and conspiracies among KREC Commissioners "and others" to restrain competition in the Kentucky real estate market. KREC promptly settled the DOJ action by rescinding the Rebate Ban.

For purposes of the instant appeal, Plaintiffs respectfully assert that this has been an exceptionally lengthy, complex and hard-fought litigation since its commencement in 2005. Prior to reaching Court-approved settlements, including mediated settlements, with all Defendants remaining in the case except

Defendants-Appellees, R.E. 644, 645, 646, 647, Plaintiffs were successful in

substantially overcoming motions to dismiss, R.E. 142, in certifying a class, R.E.

322, in obtaining this Court's denial of Defendants' Rule 23(f) petition, R.E. 325,

and in overcoming Defendants' decertification motion. Plaintiffs participated in

taking and defending forty-two depositions and reviewed approximately 1,100,000

pages of documents.  R.E. 615-1, PageID# 6593.

The District Court took note of the general risk and complexity of antitrust

cases such as this one, stating that "complex antitrust litigation is rife with

uncertainties, risks, and delays. . . ."  R.E. 568 at PageID# 6132.  Neither the

District Court nor any party has suggested that Plaintiffs acted other than in good

faith in prosecuting the action, or conducted themselves improperly in this matter.

## STANDARD OF REVIEW

The Court reviews the District Court's award of costs to CB McMahan and

the HomeServices Defendants under the abuse of discretion standard.  *White &*

*White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

A lower court abuses its discretion when it "relies on clearly erroneous findings of

fact, or when it improperly applies the law or uses an erroneous legal standard."

*Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir.

2008).

## SUMMARY OF ARGUMENT

The record demonstrates that the District Court abused its discretion, committed clear error and improperly applied the law in partially failing to make findings of fact as to those portions of the Costs Order which declined to defer consideration of costs pending the resolution of the Merits Appeal and declined to deny the Bills of Costs. *Baji v. Northeast Regional Bd. Of Dental Examiners, Inc*., 3 Fed. App'x 352, 2001 WL 111646 (6th Cir. Jan. 31, 2001).

The Costs Order's failure to consider this Court's criteria for denying costs discussed in *White & White, Inc. v. American Hospital Supply Corp*., 786 F.2d 728, 730 (6th Cir. 1986), was also an improper application of the law constituting an abuse of discretion.

The District Court further improperly applied the law in failing to consider its discretion not to award costs, and in failing to consider "all the circumstances in the case" in awarding costs. *White & White*, 786 F.2d at 730, quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

## ARGUMENT

Under Rule 54(d) of the Federal Rules of Civil Procedure, the decision to grant or deny costs to a prevailing party rests within the sound discretion of the District Court. *White & White, Inc. v. American Hospital Supply Corp*., 786 F.2d

728, 730 (6th Cir. 1986). The District Court also has discretion to postpone the

taxation of costs until after appellate review. *Brown v. American Enka Corp.*, 452

F.Supp. 154, 160 (E.D.Tenn. 1976); *Fleischer v. A.A.P., Inc.*, 36 F.R.D. 31, 33

(S.D.N.Y. 1964) (allowing taxation of costs after appeal).

    For the reasons and under the authorities set forth below, Plaintiffs

respectfully submit that the Costs Order improperly applied the law, relied on

clearly erroneous findings, and was an abuse of discretion.

**A.     The Costs Order Relied On Clearly Erroneous Findings Of Fact And
        Misapplied The Law In Holding That Judicial Economy Would Be
        Served By Awarding Costs Prior To Resolution Of The Appeal On The
        Merits**

    The Costs Order "disagree[d]" with Plaintiffs' argument that judicial

economy favored deferral of taxation of costs until resolution of the Merits Appeal,

finding it "unpersuasive." R.E. 761, Page ID#22215. While the Costs Order does

not on this point comply with this Court's requirement that "a district court's

award of costs must be supported by factual findings," *Baji*, 3 Fed. App'x at 360,

2001 WL 111646 at *6, it does cite to decisions in *other* cases that had concluded

that an immediate taxation of costs in those cases furthered judicial economy by

avoiding "piecemeal litigation." *See id*. Page ID#22215-22216.

    If this amounted to making findings in *this* case, they were clearly

erroneous. The Costs Order expressed no consideration either of the *White &*

*White* criteria, or of its discretion to decline to award costs. Point B *infra*.

Moreover, this Court has not yet remanded this matter for entry of a "Judgment" which would award costs to the prevailing party at the conclusion of the appeal on the merits.  Point C *infra*.  In light of these clearly erroneous and omitted findings, a remand of the Order on summary judgment, which is the subject of the Merits Appeal, is likely in any event.

The taxation of costs is automatically vacated when a judgment is reversed or substantially modified on appeal.  *Burley v. Gagacki*, ___ F.3d ___, 20134 WL 4767178 at *11 (6th Cir. Sept. 6, 2013); *In re Smith*, 876 F.2d 524, 527 (6th Cir. 1989), citing *Furman v. Cirrito,* 782 F.2d 353, 355 (2d Cir. 1986) and *American Infra-Red Radiant Co. v. Lambert Industries*, 41 F.R.D. 161, 162 (D.Minn. 1966).  It was therefore clearly erroneous for the Costs Order to find that postponing taxation of costs conserves the time and resources of the parties and the Court.  *Compare* R.E. 761 PageID# 22215-22216 *with Furman*, 782 F.2d at 355-56 (describing it as "sound policy ... to wait until a controversy is finally decided on the merits before awarding costs, and to then determine who is the 'prevailing party,' instead of judging that issue piecemeal at each stage of the litigation") *and American Infra-Red*, 41 F.R.D. at 163 (it was "logical to conclude that the entire apportionment of costs has been vacated" by the reversal of only one part of the judgment).

*See Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 233 (1964) (since the district court's "judgment and his taxation of costs were both upset by the Court of Appeals' reversal of the first trial judgment, it became the duty of the clerk to tax costs for both trials only when judgment was finally entered for the company"), *disapproved of on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 443 (1987). *See also How v. City of Baxter Springs,* Kansas, No. 04-2256 (JWL), No. 04-2257 (JWL), 2006 WL 1128667 at *1 (D.Kan. Apr. 26, 2006) (exercising discretion to stay costs pending appeal).

The clear error of the Cost Order's failure to make findings supporting its view of judicial economy, and its failure to adopt the logical and correct standards therefor, are manifest in light of the decisions of courts both within and outside this Circuit finding that deferral of taxation until resolution of appeal is the more efficient use of judicial resources.  It is further "logical to conclude" that deferring taxation of costs avoids the situation where the successful party on appeal must seek to recover costs paid during the pendency of the appeal.[1]  *E.g.*, *Kiska Construction Corp. – USA v. Washington Metropolitan Area Transit Authority*,

---

[1] The Costs Order also expressed no consideration of Plaintiffs' citations to decisions recognizing that there is at least a risk that the prevailing party may lose the right to seek costs if that party lost in the district court and prevailed on appeal. *Brown v. American Enka Corp.*, 452 F.Supp.154, 160 (E.D.Tenn. 1976); *see also Interactive Picture v. Infinite Pictures, Inc.*, No. 3:96-CV-849, 2002 WL 32059348 at *1 (E.D.Tenn. Jan. 3, 2002), citing *Brown*.  R.E. 753 at PageID#22142-22143.

No. 97-2677, 2002 WL 393082 at *1 (D.D.C. Mar. 11, 2002) (although local rule defined "final judgment" as the issuance of an appellate mandate or expiring of appeal period, it was "more significant" that taxation of costs "will be a wasteful, academic exercise" if the judgment is overturned on appeal); *Benders, Inc. v. Walker*, 1999 U.S.Dist. LEXIS 22508 (W.D.Ky. 1999) (as a matter of judicial economy, the district  court should defer any award of costs until such time as the Sixth Circuit Court of Appeals has had a chance to consider thoroughly the issues on review); *Estate of Pidcock v. Sunnyland Am., Inc*., 726 F.Supp. 1322, 1341 (S.D.Ga. 1989) (staying taxation of costs in the interests of judicial economy); *In re Eastern Erectors, Inc*., 396 F.Supp. 797, 800 (E.D.Pa. 1975) (concluding that a "more efficient use of judicial process" was to await resolution of appeal to allow costs).

The Cost Order's failure to consider the logical and correct standards above set forth, together with its failure to make findings as to its discretion not to award costs, were an abuse of discretion requiring reversal or vacatur.

**B.     The Costs Order Misapplied the Law By Failing To Consider Its Discretion Not To Award Costs, As Well As "All the Circumstances in the Case," Including Its "Close and Difficult" Nature**

Plaintiffs moved the District Court for an order deferring the taxation of costs until such time as the pending appeals process is completed, or in the alternative, for an order denying Defendants' respective bills of costs in whole or

in part.  R.E. 753, Page ID# 22140, 22147.  This Court has held that the language of Fed.R.Civ.P. 54(d), which provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs," "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  *White & White, Inc. v. American Hospital Supply Corp*., 786 F.2d 728, 730 (6th Cir. 1986).  This Court has further held that a showing of abuse of discretion sufficient to reverse the taxation of costs "would require the lower court ignoring the criteria set by the Sixth Circuit, as discussed by *White & White*, 786 F.2d at 730. . . ."  *Baji*, 3 Fed. App'x at 360, 2001 WL 111646 at *6.

The *White & White* criteria for not imposing costs may be summarized as follows:  (1) taxable costs are "unnecessary or unreasonably large;" (2) the prevailing party should be penalized for injecting unmeritorious issues; (3) the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the losing party; or (4) the case was "close and difficult."  786 F.2d at 730.  Additional relevant bases for denying costs to a prevailing party may include, in consideration with other relevant factors, the losing party's good faith in prosecuting the action and the propriety with which it conducted the litigation.  *Id*.

Plaintiffs focus herein on the "close and difficult" nature of the case.[2]

---

[2] "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and

*White & White* was also a complex antitrust action.  It resulted, after appeal, in a judgment for defendants.  On appeal from a decision denying costs to the prevailing defendants, this Court stated that Rule 54(d) was "intended to take care of a situation where, although a litigant was the successful party, it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party."  *White & White*, 786 F.2d at 730 (emphasis in original), quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959) (emphasis supplied).

The Costs Order contained no discussion of the *White & White* criteria, and in particular failed to consider that this complex antitrust case was "close and difficult."  As summarized above, prior to the entry of summary judgment, Plaintiffs had reached settlements (including mediated settlements) with all Defendants remaining in the case except Defendants-Appellees, had successfully overcome motions to dismiss, had obtained an order certifying the class, had successfully defended it against a Rule 23(f) petition to this Court and a subsequent decertification motion to the District Court, and had won admission over *Daubert*[3] challenges of substantially all of the testimony of their two experts.  Plaintiffs

---

organize relevant evidence, and by the difficulty of discerning the law of the case." *Id*. at 732-33.

[3] *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993).

participated in taking and defending forty-two depositions and reviewed approximately 1,100,000 pages of documents.

The related Merits Appeal, No. 12-5947, involves complex legal issues and a voluminous fact record, which includes, without limitation, evidence of:  a transcribed meeting of Defendants and others at which it was agreed that Kentucky real estate brokers would not compete on the basis of price; admissions that defendants would reciprocate with each other in setting their buyer's brokerage fees; a high degree of inter-firm communications about prices and pricing practices; numerous acts taken by Defendants against their individual economic self-interest; and comprehensive market evidence from Plaintiffs' two experts.

Plaintiffs again respectfully incorporate herein and refer the Court to their principal and reply briefs on file in their related Merits Appeal, No. 12-5947, and respectfully submit that the Cost Order's failure to consider (1) its discretion not to award costs to the prevailing parties, and (2) the close and difficult nature of this case, including, but not limited to, a strong merits showing, constituted an abuse of discretion requiring reversal or vacatur of the Costs Order.

### C. Especially In View Of The Likelihood Of A Remand For Entry Of Final Judgment, The Costs Order Misapplied The Law In Taxing Costs Prior To Entry Of A "Judgment" Which Includes Properly Allowed Costs

Costs cannot be included in a "judgment" except "upon allowance" pursuant to 28 U.S.C. §1920, an event which had not occurred in the District Court at the

time this appeal was commenced.  Indeed, the District Court did not enter a "Judgment," but rather rendered a "final and appealable order" granting summary judgment in favor of the HomeServices Defendants and CB McMahan, which Order is silent on the subject of costs.  R.E. 744.  That "final and appealable order" is the subject of the Merits Appeal.

The Costs Order misapplied 28 U.S.C. § 1920, and should have deferred ruling on the Defendants' Bills of Costs, and imposing any costs, until the conclusion of the Merits Appeal and remand of the case for entry of a "Judgment."

Courts have found in similar circumstances that costs should not be allowed until the appellate process is complete, and the action has been remanded to the District Court for entry of a final judgment.  *Brown v. American Enka Corp*., 452 F.Supp. 154, 160 (E.D.Tenn. 1976) ("costs should not be allowed until the appellate process is complete, and this action has been remanded to this Court for entry of a final judgment"), citing *Mishawaka Rubber Woolen Mfg. Co. v. S.S. Kresge Co*., 119 F.2d 316, 326 (6th Cir. 1941) (declining to award costs "[s]ince the judgment is not final"), *rev'd on other grounds*, 316 U.S. 203 (1942).  *See also* 21A Federal Procedure, Lawyers Edition. § 51:107, "Final judgment as prerequisite" (2013) ("costs are generally not taxed until the appellate process is complete and the action has been remanded to the trial court for entry of final judgment").

The Costs Order misapplied the law, as held by courts within and outside this Circuit, that when a case is still subject to review, an award of costs would be premature. *See Smith v. Berry*, No. 03-5167, 2004 WL 725377 at *1 (D.C.Cir. Apr. 2, 2004) ("An assessment of costs is premature while the appeals are still pending."); *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc*., 190 F.3d 963, 973 (9th Cir. 1999) (where litigation "is not yet concluded . . . it is premature to address costs"); *Interactive Picture v. Infinite Pictures, Inc*., No. 3:96-CV-849, 2002 WL 32059348 at *1 (E.D.Tenn. Jan. 3, 2002) ("costs should not be allowed while this matter is on appeal").

## CONCLUSION

Should this Court reverse, vacate or modify any part of the "final and appealable order" which is the subject of the Merits Appeal, No. 12-5947, the Costs Order awarded to the previously prevailing Defendants-Appellees will be automatically vacated. *Brown v. Crowley*, 229 F.3d 1150 (table decision), 2000 WL 1175615 at *3 (6th Cir. 2000) (award of costs prior to resolution of appeal "was premature" where judgment was partially vacated); *Furman*, 782 F.2d at 355.

Should the Merits Appeal be affirmed in full, the Costs Order must be vacated as an abuse of discretion, or remanded to the District Court for the entry of findings of fact pursuant to this Court's decisions in *Baji v. Northeast Regional Bd. Of Dental Examiners, Inc*., 3 Fed. App'x 352, 2001 WL 111646 (6th Cir. Jan. 31,

2001) and *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 730

(6th Cir. 1986).


Dated:        October 23, 2013


                                    Respectfully submitted,

                                    **LOVELL STEWART HALEBIAN
                                    JACOBSON LLP**

                                    By:/s/ Christopher Lovell_____
                                    Christopher Lovell
                                    61 Broadway, Suite 501
                                    New York, New York 10006
                                    Telephone: (212) 608-1900
                                    Facsimile: (212) 719-4677

                                    ***Counsel for Plaintiffs-Appellants***

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with the type-volume limitations of

F.R.App.P. 32(a)(7)(B) because:

(1)    this brief contains 3,409 words, excluding the parts of the brief

        exempted by F.R.App.P. 32(a)(7)(B)(iii); and

(2)    this brief complies with the typeface requirements of F.R.App.P.

        32(a)(5) and the type style requirements of F.R.App.P. 32(a)(6)

        because this brief has been prepared in a proportionately spaced

        typeface using Microsoft Word in 14 point Times New Roman font.


Dated:  October 23, 2013

> **LOVELL STEWART HALEBIAN**
> **JACOBSON LLP**
> By:*/s/ Christopher Lovell*
> Christopher Lovell
> 61 Broadway, Suite 501
> New York, New York 10006
> Telephone: (212) 608-1900
> Facsimile: (212) 719-4677

## CERTIFICATE OF SERVICE

I certify that on this the 23rd day of October, 2013, pursuant to 6 Cir. R. 25, I caused the foregoing to be served electronically on the following through the ECF System:

Robert Dean MacGill
Hamish S. Cohen
Karoline E. Jackson
Brendan W. Miller
**Barnes & Thornburg**
Firm: 317-236-1313
11 S. Meridian Street
Indianapolis, IN 46204
317-236-1313

Salim A. Kafiti
**Jones Day**
901 Lakeside Avenue
Cleveland, OH 44114
216-586-3939

Lindsey W. Ingram, III
**Stoll Keenon Ogden**
300 W. Vine Street
Suite 2100
Lexington, KY 40507
859-231-3000

David J. Michalski
**Hahn, Loeser & Parks**
200 Public Square

Suite 2800
Cleveland, OH 44114
216-621-0150

Matthew C. Blickensderfer
**Frost Brown Todd**
301 E. Fourth Street
Suite 3300
Cincinnati, OH 45202
513-651-6800

Michael F. Lawrence
440 South 7th Street
Suite 200
Louisville, KY 40203
502-587-0789

Janet P. Jakubowicz
**Bingham Greenebaum Doll**
101 S. Fifth Street
Suite 3500
Louisville, KY 40202
502-589-4200

**LOVELL STEWART HALEBIAN
JACOBSON LLP**
By:*/s/ Christopher Lovell*
Christopher Lovell
61 Broadway, Suite 501
New York, New York 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

**DESIGNATION OF RELEVANT COURT DOCUMENTS**

The following filings from the district court's record are relevant documents:

| <u>Record Entry</u> | <u>Document Description</u> | <u>Page ID Range</u> |
|---|---|---|
| R.E.  568 | Memorandum and Opinion regarding Preliminary approval of Settlement | 6132 |
| R.E.  615-1 | Motion in Support of Class Counsel Reimbursement of Costs | 6593 |
| R.E  644 | Memorandum and Opinion on Settlement | |
| R.E.  645 | Order and Final Judgment regarding Settlement With ReMax International | |
| R.E.  646 | Order and Final Judgment regarding Settlement With Realogy Defendants | |
| R.E.  647 | Order and Final Judgment regarding settlement  With ReMax Kentucky-Tennessee Defendants | |
| R.E. 744 | Order | 21951 |
| R.E.  751 | Coldwell Banker McMahan's Bill of Costs | 21966 |
| R.E.  752 | HomeServices' Bill of Costs | 22024 |
| R.E.  753 | Plaintiffs' Response to Defendants' Bill of Costs | 22140-48 |
| R.E.  754 | Coldwell Banker McMahan's | |

Reply to Plaintiffs' Response to Bill of Costs

R.E.  755          HomeServices' Reply to Plaintiffs'
                   Response to Bill of Costs

R.E.  761          Memorandum Opinion and Order          22215-16

R.E.  763          Notice of Appeal